IN THE UNITED STATES DISTRICT COURT
EFOR THE NORTHERN DISTRICT OF TEXAS

Civil Action No._____

**2-25 CV-214-Z**

SEP 29 2025 AM 10:20
FILED - USDC - NDTX - AM

**Esther Bodek,**

*Plaintiff,*

v.

**Jessica Yates,** in her individual and official capacities as Attorney Regulation Counsel for the Colorado Supreme Court,
**Johana Barbara Jones,** in her individual and official capacities as the Director of the New Jersey Office of Attorney Ethics,
**Tara Hana,** in her individual and official capacities as the Deputy Ethics Counsel for the New Jersey Office of Attorney Ethics,
**Susan Perry-Slay,** in her individual and official capacities as Investigator for the Office of Attorney Ethics.

*Defendants.*

---

**COMPLAINT AND JURY DEMAND**

---

### NATURE OF THE CASE

This is a First Amendment case arising from the weaponization of the attorney regulation system by bad actors against attorney-plaintiff to punish her for her speech in a newspaper article concerning mistreatment of COVID patients by Colorado hospitals. *Attorneys Report Spike in Calls for Help from Families of Patients Hospitalized with*

*COVID-19*, Epoch Times (February 3, 2022) https://www.theepochtimes.com/us/attorneys-report-spike-in-calls-from-families-of-patients-hospitalized-with-covid-19-4250727?amp=).[1] Because of the attorney-plaintiff's speech bad actors in two states conspired to silence her with an illegal lawfare campaign to deprive her of her law license. They are sick and have continued to target her for nearly three years.

Lawfare is the weaponization of the legal system for political purposes. It is designed to wear down a target over time with an endless barrage of fabricated claims, frivolous filings, lies, personal attacks, gaslighting maneuvers, and procedural abuses.[2] Their purpose is to deplete a target's time, energy and morale, to financially drain the target, destroy their career and to imprison them.

The attorney-plaintiff seeks damages and declaratory relief to redress the harm caused by the illegal lawfare campaign. In addition, she seeks to stop the weaponization of attorney regulation systems against others for their speech. The attorney-plaintiff's case arises under 42 U.SC. § 1983 which is a law that Congress enacted specifically to redress harm caused to citizens by state officials who abuse their power.

## JURISDICTION AND VENUE

---

[1] Nanette Holt from the Epoch Times conducted the interview of the attorney-plaintiff and told her that this was the first news report of the actual dollar amounts received by a hospital for various COVID treatments. Nanette Holt repeatedly asked for the name of attorney-plaintiff's whistleblower (the whistleblower had direct knowledge of the COVID payments made to the hospital). The attorney-plaintiff refused to disclose the name of her whistleblower to Nanette Holt and the Epoch Times.

[2] High-level targets of endless lawfare campaigns include President Donald J. Trump (*See e.g., The Lawfare Campaign against President Trump Continues to Fall Apart*, https://simpson.house.gov/news/documentsingle.aspx?DocumentID=401449), Texas Attorney General Ken Paxton (*See, Texas Attorney General Ken Paxton Announces the End of the Texas State Bar's Baseless and Politically Motivated Attempt to Punish Election Integrity Efforts*, https://www.texasattorneygeneral.gov/news/releases/attorney-general-ken-paxton-announces-end-texas-state-bars-baseless-and-politically-motivated), and top defamation attorney Lin Wood (*See Fightback Law* https://www.fightback.law/about).

1. The United States Constitution secures the fundamental rights of citizens and is the supreme law governing both criminal and regulatory actions.

2. The Fourteenth Amendment prohibits state officials from abridging the fundamental rights of citizens in criminal and regulatory proceedings and punishes failures to protect fundamental rights.

3. The Fourteenth Amendments states:

    > No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

4. The First Amendment protects the right to free speech, which is a fundamental right.

5. The First Amendment states:

    > Congress shall make no law [...] abridging the freedom of speech, or of the press, or of the right of the people to peaceably assemble, and to petition the Government for redress of grievances.

6. The First Amendment protects the right to speak freely about any issue and protects the right to have an attorney advocate for that viewpoint.

7. The Fifth Amendment secures the fundamental right to due process of law and prohibits compelled testimony.

8. The Fifth amendment states:

    > No person shall be [...] compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law.

9. The Fourteenth Amendment enabled Congress to pass legislation to guard against unconstitutional state actions. Congress enacted 42 U.S.C. § 1983 which states:

> Every person who under the color of any statute, ordinance or regulation, custom or usage of any state […] who deprives its citizens of any rights, privileges or immunities secured by the constitution and law, shall be liable to the party injured in an action at law […] or other proper proceeding for redress, except that in any action taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." C

10. Congress designed 42 U.S.C. § 1983 as a mechanism to punish and to deter state officials who abuse their power to violate individual rights.

11. This case presents a federal question regarding deprivations of the Plaintiff's fundamental rights pursuant to 28 U.S. § 1331.

12. This court has original jurisdiction arising pursuant to 28 U.S. § 1343.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in Amarillo, Texas where the Plaintiff resides.

## PARTIES

14. Plaintiff Esther Bodek (hereinafter "Plaintiff") is a natural person who resides at 1700 East Interstate 40 in Amarillo, Texas.

15. Defendant Jessica Yates (hereinafter "Defendant Yates") is a natural person who resides in Boulder, Colorado.

16. Defendant Yates serves as Attorney Regulation Counsel ("ARC") for the Colorado Supreme Court, which is located at 1300 Broadway, Suite 500 in Denver, Colorado.

17. Defendant Tara Hana (hereinafter "Defendant Hana") is a natural person who resides in Cherry Hill, New Jersey.

18. Defendant Hana serves as Deputy Ethics Counsel for the Office of Attorney Ethics, which is located at 840 Bear Tavern Road in Ewing, New Jersey.

19. Defendant Joanna Barbara Jones (hereinafter "Defendant Jones") is a natural person who resides in the Trenton, New Jersey.

20. Defendant Jones serves as Director of the New Jersey Office of Attorney Ethics, which is located at 840 Bear Tavern Road in Ewing, New Jersey.

21. Defendant Susan Perry-Slay (hereinafter "Defendant Slay") is a natural person who resides in New Jersey. and serves as Investigator for the New Jersey Office of Attorney Ethics, which is located at 840 Bear Tavern Road in Ewing, New Jerey.

## GENERAL ALLEGATIONS

22. Defendant Jessica Yates (hereinafter "Defendant Yates") is a political operative known for her public and politicized disciplinary action against attorney Jenna Ellis.

23. Defendant Yates publicly volunteered to punish attorney Jenna Ellis with disciplinary proceedings as retribution for representing President Donald J. Trump in lawsuits challenging the 2020 election. (*See, Colorado Files Displi ry Charges Against Trump Attorney Jenna Ellis* (May 28, 2024), *Ethics Complaint—Jenna Ellis CO,* https://statesunited.org/ellis-charges/.

24. Defendant Yates received a monetary received an award in 2025 called the "Rebuilding Justice" award from a partisan organization called the Institute for the Advancement of the American Legal System ("IAALS") which lauded COVID as opportunity for legal reform. (*See* IAALS Announces 2025 Rebuilding Justice Award, https://iaals.du.edu/blog/iaals-announces-2025-rebuilding-justice-award-recipient.

25. Defendant Yates served on the Board of Directors for the Colorado Health Foundation (CHF) from February 2013 to December 2021 where she administered hundreds of millions of dollars in COVID-19 and other healthcare grants.

26. Defendant Yates was exposed for unethical behavior when she threatened judges on her letterhead as Attorney Regulation Counsel in retaliation against Colorado judges for providing testimony regarding a 2021 blackmail scandal in a hearing at the Colorado State Capital on June 14th, 2022, ignoring the rule that Colorado Judges are disciplined separately by the Colorado Judicial Commission. *See, Colorado Judge Hit with 'Intimidating' Admonishment Over Judicial Reform Work, Attorney Says* (June 14, 2022), https://www.denverpost.com/2023/03/17/colorado-judicial-reform-scandal-david-prince-retaliation/.

27. Plaintiff discovered in October of 2022 that Defendant Yates had fabricated a UPL claim against her through a confidential document she received at her home which was located at 12410 Long Leaf Drive in Conroe, Texas.

28. UPL is a classified misdemeanor in Texas but repeat offenses could lead to felony charge as well.

29. Defendant Yates fabricated a claim that Plaintiff was running her own unauthorized law practice.

30. Such UPL claims subject the target to fines and/or imprisonment in Colorado as well.

31. In Colorado UPL claim must first pass through the LRC chair. (See *The Unauthorized Practice of Law in Colorado*, https://www.coloradolegalregulation.com/wp-content/uploads/PDF/UPL/Understanding%20Practice%20of%20Law%20Issues.pdf).

32. Defendant Yates fabricated a UPL claim against Plaintiff in part based on content reflecting the content of her speech in a newspaper article and in part by creating her own content and tailoring her language to create a sense of urgency (See *Attorney Report Spike in Calls from Families of Patients Hospitalized with COVID-19* (February 3, 2022). https://www.theepochtimes.com/us/attorneys-report-spike-in-calls-from-families-of-patients-hospitalized-with-covid-19-4250727?amp=.

33. Defendant Yates forwarded this fabricated UPL claim to the New Jersey State Bar based on an emergency rule to bypass screening procedures.

34. Defendant Yates knew the UPL claims were a fabrication because she had already failed to convince LRC to move forward with an injunction against the Plaintiff.

35. Despite that her fabricated UPL claim failed in Colorado, Defendant Yates conspired with Defendant Jones to continue targeting the Plaintiff and subject her to more lawfare with the goal of depriving the plaintiff of her New Jersey law license.

36. Thereafter, all defendants used the fabricated UPL claim for years despite that the Colorado State Judiciary's website confirmed that no UPL record existed.

37. All Defendants acted in concert under the color of state law to deprive the Plaintiff of her known rights.

38. Defendants Yates and Defendant Jones conspired to abuse the grievance process in New Jersey and have Defendant Yates file a personal grievance against the Plaintiff with the same fabricated UPL claim content to continue the lawfare campaign against Plaintiff in New Jersey.

39. When filing as a personal grievant Defendant Yates could then access confidential information about the Plaintiff's responses to the grievance which she would never be entitled to in her position as ARC.

40. Defendant Jones redacted the header to an email address at the top of a copy of the communication that Defendant Yates forwarded to the LRC and falsely claimed that the communication was from the Colorado Supreme Court.

41. Defendant Yates is regulation counsel and cannot claim the authority of the Colorado Supreme Court.

42. Instead of performing her role and duties as Deputy Ethics Counsel Defendant Hana also used her position to assist Defendant Yates to target the Plaintiff for a personal vendetta for her statements in the newspaper article.

43. Defendant Yates filed the personal grievance against Plaintiff to bypass the LRC and the Colorado State Bar's UPL legal process.

44. Defendant Yates had no authority to bring a personal grievance against the Plaintiff in the State of New Jersey and to bypass the Colorado Supreme Court.

45. Personal grievances are reserved for former clients and others and based on personal knowledge of which Defendant Yates had none.

46. Defendant Yates is bound by her own state's procedures and thus acted in contravention of her official authority.

47. From a procedural standpoint when Defendant Yates failed to obtain injunctive relief based on her fabricated UPL claim against the plaintiff in Colorado, all action against Plaintiff was terminated but this did not stop Defendant Yates.

48. Defendant Yates continued to harass the Plaintiff by conspiring with Defendants Jones, Hana and Slay who were all content to ignore the New Jersey and Colorado State Bar's basic website information in contravention of the most basic aspects of their respective roles and duties.

49. The nearly three year lawfare campaign against Plaintiff includes an enormous quantity of frivolous filings, interrogations, arbitrary deadlines (particularly after holiday weekends), cryptic dates[3] omitted and/or fabricated rules, omitted and/or fabricated facts, and procedural games designed to deprive the Plaintiff of her due process rights and to threaten and silence her.

50. Defendant Yates was acting in a private role when she posed as a grievant to target the Plaintiff and circumvent Colorado's UPL process and the LRC which was an obstacle to her retaliation against the Plaintiff.

51. Defendants knew that there was no actual legal referral for disciplinary action from Colorado Supreme Court to the State of New Jersey because this would require an actual order compliant with U.S. Const. art. IV § 1.

52. Defendant Jones conspired with Defendant Yates to falsely misrepresent and fabricate that she received a UPL referral from the Colorado Supreme Court to gaslight the plaintiff and to continue the endless lawfare campaign.

53. Defendant Jones had no basis to redact the communication sent by Defendant Yates because the redaction was not to protect the Plaintiff's confidentiality but instead used the redaction to obfuscate the truth and assist Defendant Yates in targeting the Plaintiff.

54. Defendant Jones and Hana repeatedly refused to provide the Plaintiff with an unredacted copy of Defendant Yates' communication to the LRC.

---

[3] Defendants communicated on the 13th to the Plaintiff at a statistically impossible rate as a scare tactic.

55. Defendant Yates' personal vendetta against Plaintiff was extrajudicial and therefore in direct conflict with her official role as ARC.

56. At all times relevant hereto, Defendant Yates acted in concert with all defendants in furtherance of her aim to target conservative attorneys such as Plaintiff with discipline for their viewpoints.

57. Defendants Jones, Hana, and Slay employed endless coercive tactics to violate the Plaintiff's First and Fifth Amendment rights by targeting her with false duplicate grievances as the one fabricated by Defendant Yates.

58. All defendants acted in lockstep with Defendant Yates in furtherance of the illegal lawfare campaign

59. Defendant Hana acted in multiple conflicting roles (investigator, prosecutor, administrator) whichever role fit best to help her violate Plaintiff's right to due process and free speech.

60. For example, Defendant Hana listed Defendant Slay to act as a "witness" in the lawfare documents.

61. Defendant Slay also fabricated her own personal grievance against the Plaintiff (a duplicate of the one Defendant Yates initiated).

62. Defendant Slay had no personal knowledge to support the grievance against Plaintiff and could not act as both investigator and witness.

63. Defendant Hana acted in a conflicted role as administrator when she personally selected a panel of "fact finders" who would continue the endless lawfare campaign against the Plaintiff.

64. Defendants Hana, Slay and Jones repeatedly demanded from the Plaintiff substantive responses to the fabricated UPL charge in violation of her assertion of her Fifth Amendment rights and without ever checking the Colorado and New Jersey state websites.

65. Defendants Hana, Slay and Jones repeatedly threatened Plaintiff with injunctions and additional complaints even after Defendant Jones had acknowledged that the Plaintiff had the right to assert her privilege against compelled testimony.

66. Defendants Hana and Slay ultimately created a duplicate grievance to bypass the Plaintiff's Fifth Amendment plea and thereafter enlisted additional proxies to target the Plaintiff.

67. During the entire course of the nearly three years of purported "investigations" (four in total) none of the attorney investigators ever checked the relevant state websites (even in their own jurisdictions) to verify the UPL charge (because none existed).

68. As a procedural trap to deprive Plaintiff of her Fifth Amendment rights, Defendant Hana conspired with Abigal Stolfe to fabricate that the Plaintiff requested a hearing in New Jersey (despite that only Plaintiff had the right to request or forgo a hearing).

69. Defendant Hanna later admitted that Plaintiff had not filed an answer to any complaint in New Jersey.

70. All defendants employed coercive tactics against Plaintiff in to violate her right to due process rights and in furtherance of Defendant Yates' First Amendment retaliation operation against Plaintiff for advocating for COVID patients.

71. At all times relevant hereto defendants acted under the color of law.

72. Defendants knew or should have known that it was illegal to target Plaintiff target for her speech.

### First Claim for Relief
### Against Defendant Yates (in her Individual capacity)
### Violation of 42 U.S.C. § 1983 (for Damages)
### First Amendment

73. Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 through 72.

74. Plaintiff was engaged in constitutionally protected activity when she advocated for COVID patients in a newspaper article.

75. Defendant Yates fabricated evidence of a UPL claim against the Plaintiff selecting portions of the newspaper article to which she added false content to maximize the urgency of the UPL claim.

76. Even after Defendant Yates' UPL claim failed the legal process via the LRC, she maliciously pursued Plaintiff with her fabricated claim in retaliation for Plaintiff's speech.

77. Defendant Yates initiated an illegal and multijurisdictional lawfare campaign in violation of her right to free speech and enlisted Defendants Jones, Hana and Slay as her proxies.

78. Nearly a year after Defendant Yates failed in bringing her UPL claim against Plaintiff in Colorado, Defendant Yates brought a personal grievance against Plaintiff in New Jersey with the same fabricated UPL claim to bypass the Colorado Supreme Court.

79. Defendant Yates deprived Plaintiff of her right to free speech when she initiated a personal grievance against Plaintiff with fabricated evidence that contracted readily available public information on both Colorado and New Jersey State Bar's Websites to continue her illegal lawfare campaign against Plaintiff.

80. Defendant Yates acted outside the scope of her duties as ARC in bringing a personal grievance against the Plaintiff in the State of New Jersey while acting under the color of authority of her position as ARC.

81. Defendant Yates acted willfully, knowingly and purposefully to perpetuate a fabricated UPL claim in furtherance of her goal to deprive the Plaintiff of her constitutional property right to her law license.

82. Defendant Yates' acts and/or omissions were substantial or motivating factors in depriving Plaintiff of her right to advocate for COVID patients and speak about her advocacy in a newspaper article.

83. Defendants Yates' actions would chill the speech of a person with ordinary firmness from continuing to engage in the protected activity of advocating for COVID patients.

**Second Claim for Relief Against All Defendants**
**(in their Individual Capacities)**
**Violation of 42 U.S.C. 1983 (for Damages)**
**First Amendment**

84. The Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 through 83.

85. Defendant Yates engaged in joint action with Defendant Jones to target and punish the Plaintiff with an illegal lawfare campaign which was premised upon constitutionally protected activity of advocating for the civil rights of COVID patients in a newspaper article.

86. All Defendants always acted under the color of state law relevant hereto.

87. As a direct and proximate result of all Defendant's actions Plaintiff was deprived of her First Amendment rights.

88. All Defendants' individual actions were substantial or motivating factors in causing deprivation of the Plaintiff's First Amendment rights.

89. Defendants acted willfully, knowingly and purposefully and/or with deliberate indifference in conspiring to fabricate claims to interfere with Plaintiff's future advocacy and in furtherance their goal to ultimately deprive the Plaintiff of her constitutional property right to her law license.

90. Defendants' actions would chill the speech of a person with ordinary firmness from continuing to engage in the protected activity of advocating for COVID patients.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. On all Plaintiff's claims for relief, an award of compensatory and punitive damages to Plaintiff in an amount to be determined at trial;

B. On all Plaintiff's claims for relief, to the extent that it is determined that any or all the acts of the Defendants are found by the jury to be taken in their official capacities that this court issue a judgment declaring that the lawfare campaign violates the Plaintiff's First Amendment rights pursuant to 42 U.S.C. § 1983;

C. On all Plaintiff's claims for relief, award the Plaintiffs the reasonable attorneys' fees, costs, and expenses of this action in accordance with 42 U.S.C. § 1988;

D. That this Court grant such other and further relief as it deems equitable and just under the circumstances.

Respectfully submitted on 29th this day of September, 2025.

**Esther Bodek**

*Esther Bodek*

*Pro Se*
1700 East Interstate 40 #238
Amarillo, Texas 79103
(313) 200-2245

JS 44 (Rev. 03/24) CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Esther Bodek

**DEFENDANTS**
Jessica Yates, Johana Barbara Jones, Tara Hana, Susan Perry-Slav

(b) County of Residence of First Listed Plaintiff: Potter County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Boulder County, CO
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*
Phil Weiser, Matthew J. Platkin

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | PERSONAL PROPERTY | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | SOCIAL SECURITY | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | Habeas Corpus: | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations | [ ] 530 General | | FEDERAL TAX SUITS | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | IMMIGRATION | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | Other: | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1983

Brief description of cause:
Retaliation by state actors against Plaintiff for statements in news article regarding patient abuse in Colordao hospital during COVID-19

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 9/26/2025  7/29/2025
SIGNATURE OF ATTORNEY OF RECORD: *Esther Bodek*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____